Nash, J.
The plaintiffs in error claim — 1. That the courts below abused their discretion in refusing to permit the amended answers of the Lawrence Furnace Company and the Monitor Furnace Company to be filed. 2. That there was error in sustaining the demurrer to the answers of John Peters, Sr., and Gray, trustee.
It is sufficient reply to the first complaint to say that the answers sought to be filed by the Lawrence and Monitor Furnace Companies, did not constitute a defense to the case made by the petition and by the answers and cross-petitions.
In sustaining the demurrer, the district court held that *583 Isaac Peters had the right to maintain this action and that this right did not rest exclusively in the receiver. It is the right and duty of the receiver of a dissolved and insolvent corporation, to pursue after and recover property which has been fraudulently conveyed before the dissolution. We do not, however, agree with the plaintiffs in error in their proposition that he is the only party who can do this.
In March, 1876, the Monitor Furnace Company, as a corporation, was dissolved, and Shaw was appointed its receiver to administer its estate under the direction of the court for the benefit of the creditors and stockholders. On the 20th day of May, 1875, it is claimed that the company sold and conveyed all its valuable property for the purpose of defrauding creditors. More than two years passed without any steps being taken by the receiver, looking towards the setting aside of this sale and the saving of this property for the benefit of creditors. In 1878, Isaac Peters, a judgment creditor of the Monitor Furnace Company, commenced a proceeding to set aside the alleged fraudulent sale and conveyance, and in the court having control and direction of the receiver. To this proceeding the receiver and all parties in interest were made parties defendant and were brought into court. In such an action as this, the court could make the proper order as effectively and justly as if it had been instituted by the receiver. The proceeding was in substance and effect an application to the court to direct the receiver to do his duty, and we think can be maintained.
We do not determine any question in regard to the priority of liens that has been or may be raised in these proceedings.

Judgment affirmed.